**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____
:
**SIARA SMITH,**                                    :      **CASE NO. 3:16-cv-1761**
                               **Plaintiff,**       :
**v.**                                              :
                                                    :
**UPS GROUND FREIGHT, INC. AND**                    :
**STAFFMARK INVESTMENT, LLC**                       :
                               **Defendants.**      :      **OCTOBER 25, 2016**
_____  :

## NOTICE OF REMOVAL

Defendant Staffmark Investment, LLC, with the consent of co-Defendant UPS

Ground Freight, Inc., hereby removes this action to this Court pursuant to 28 U.S.C. §§

1332, 1441 and 1446, and says:

1.      On September 27, 2016, Plaintiff Siara Smith commenced this action by

serving the two Defendants, UPS Ground Freight, Inc. and Staffmark Investment, LLC,

with a summons, complaint, and statement of amount in controversy, dated September

26, 2016, returnable October 25, 2016 to the Connecticut Superior Court, Judicial

District of Hartford, entitled *Siara Smith v. UPS Ground Freight, Inc. and Stafffmark*

*Investment, LLC,* Docket No. HHD-CV16-6071703-S (the "Superior Court Action").

2.      Attached hereto are true copies of the summons, complaint, statement of

amount in controversy and return of service, which includes all process, pleadings and

orders served on Defendant in the Superior Court Action. (**Exhibit A**, UPS-SIL-SS-

0001-0017).

3.      As stated in the Affidavit of Service, each Defendant was served with the

summons, complaint and statement of amount in demand on September 27, 2016.

(**Exh. A**, UPS-SIL-SS-0017).  Neither Defendant nor their respective counsel had any

prior notice of the Superior Court Action.  This Notice of Removal is filed within 30 days of the receipt of the summons, complaint and statement of amount in demand and within 30 days of the date on which the Superior Court Action became removable.

4.      The Superior Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) (complete diversity), and is removable to this Court pursuant to 28 U.S.C. § 1441.

<u>**THE PARTIES**</u>

5.      Plaintiff is a resident of Bloomfield, Connecticut (**Exh. A**, UPS-SIL-SS-0003).

6.      Defendant UPS Ground Freight, Inc. is a corporation organized under the laws of Virginia with its principal place of business in Richmond, Virginia.  (**Exh. A**, UPS-SIL-SS-0003; **Exhibit B**, UPS-SIL-SS-0018 - 0019.)

7.      Defendant Staffmark Investment, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 201 E. 4th Street, Suite 800, Cincinnati, OH 45202.  (**Exh. A**, UPS-SIL-SS-0001; 0003; **Exhibit C**, UPS-SIL-SS-0020.)  Staffmark Investment, LLC is wholly owned by Staffmark Holdings, Inc., a corporation organized under the laws of Delaware, with its principal place of business at 201 E. Fourth St, Suite 800, Cincinnati, OH 45202. (**Exh. C**, UPS-SIL-SS-0020.)

8.      Therefore, complete diversity of citizenship exists under 28 U.S.C. § 1332 and supports removal under 28 U.S.C. § 1441.

## **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

9. For the Court to have original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), the matter in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs.

10. A conservative, good-faith estimate of the value of Plaintiff's sexual harassment / hostile working environment claims and retaliatory discharge claims under the Connecticut Fair Employment Practices Act ("CFEPA") indicate that, if she prevails, she is likely to recover in excess of $75,000.[1]   Plaintiff seeks to recover money damages, punitive damages, reasonable attorneys' fees and costs, and such other relief the Court deems appropriate.  (**Exh. A**, UPS-SIL-SS-0009-0012.)

11. Back Pay Damages.  Under the CFEPA, Plaintiff is entitled to back pay as a component of her monetary damages.  Conn. Gen. Stat. § 46a-104; *see also Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198-JCH, 2012 U.S. Dist. LEXIS 52315, at *8–9, 2012 WL 1247257 (D. Conn. Apr. 13, 2012).  Back pay in employment discrimination cases is calculated from the date of the adverse employment action until the date of judgment.  *EEOC v. Joint Apprenticeship Comm. of the Joint Indus. Bd. of the Elec. Indus.*, 186 F.3d 110, 122 (2d Cir. 1998) (race and gender discrimination context); *see also Banks v. Travelers Companies*, 180 F.3d 358, 364 (2d Cir. 1999) (age discrimination context); *Sands v. Runyon*, 28 F.3d 1323, 1327–28 (2d Cir. 1994) (disability discrimination context).

---

[1]Staffmark does not concede that Plaintiff is likely to prevail on any of the asserted claims or that, if Plaintiff does prevail on any of the asserted claims, she is entitled to any damages, attorneys' fees or other relief.  Staffmark reserves the right to dispute, and to defend against, the asserted claims, both with regard to liability and all forms of requested damages and relief.  *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (to establish the jurisdictional amount, a removing defendant need not concede liability for that amount).

12.     Plaintiff's employment with Staffmark ended on March 19, 2016, approximately seven months ago.  (**Exh. A**, UPS-SIL-SS-0006–0007.)   As of the last date of her employment, she was paid $9.15 per hour or $366 per week for a 40-hour workweek.  Assuming her rate of pay remained consistent, her lost wages claim from March 19, 2016 through the date of this Notice of Removal would be more than $10,200, and by the time of trial, likely no earlier than October 2017 (one year from now), Plaintiff's unmitigated lost wages could amount to approximately $29,280.  *See Savage v. Envirotest Sys. Corp.*, No. 3:96-CV-1931, 1996 U.S. Dist. LEXIS 23192, at *8, 1996 WL 732551 (D. Conn. Dec. 13, 1996) (calculating plaintiff's back pay damages for 12 months through trial for purposes of determining the amount in controversy).

13.     <u>Front Pay</u>. Under the CFEPA, Plaintiff may also obtain front pay as a component of her monetary damages.  *See*, *e.g.*, *State v. Comm'n on Human Rights & Opportunities*, 211 Conn. 464, 478 (1989); *see also Mody v. Gen. Elec. Co.*, No. 04-CV-358, 2006 U.S. Dist. LEXIS 77929, at *9–12, 2006 WL 3050834 (D. Conn. Oct. 25, 2006) (8 years of front pay found reasonable); *Shorter v. Hartford Fin. Servs. Grp., Inc.*, No. 3:03-CV-0149, 2005 U.S. Dist. LEXIS 19902, at *15–16, 2005 WL 2234507 (D. Conn. May 31, 2005), *supplemented*, 2005 U.S. Dist. LEXIS 19903, 2005 WL 2231599 (D. Conn. July 15, 2005) (6 years of front pay found reasonable).  Here, just one year of front pay would total a minimum of $19,032, bringing Plaintiff's total back pay damages and front pay damages to approximately $48,312 through the date of any judgment in this matter.  Further, Plaintiff may intend to seek more than one year of front pay.

14.     Plaintiff claims to be entitled to recover damages for emotional distress, punitive damages and attorneys' fees, which, taken together, yield a total amount in controversy well in excess of $75,000.

15.     Emotional Distress.  Plaintiff seeks damages for "considerable emotional and psychological pain and suffering."  (**Exh. A**, UPS-SIL-SS-0008, ¶39; 0009, ¶39; 0010, ¶39; 0011, ¶39; 0012, WHEREFORE clause.)  Pursuant to CFEPA, a plaintiff may recover emotional distress damages and these damages are to be taken into account in determining the amount in controversy.  *See Baron,* 2012 U.S. Dist. LEXIS 52315, at *8–10.  Further, "emotional distress damages awards vary widely" and could well exceed the $75,000 threshold requirement.  *Id.*; *see also Patino v. Birken Mfg. Co.*, No. HHD-CV-05-40161205, 2009 Conn. Super. LEXIS 1331, at *46, 2009 WL 1624365 (Conn. Super. Ct. May 15, 2009) (noting that emotional distress damages of $5,000 to $65,000 may be appropriate for "less severe discrimination cases," and awards of $100,000 to $400,000 may be appropriate for severe discrimination cases).

16.     Attorneys' Fees.  Where, as here, attorneys' fees are demanded (**Exh. A**, UPS-SIL-SS-0012, WHEREFORE clause), such fees are also properly included in calculating the amount-in-controversy.  *See Kimm v. KCC Trading, Inc.*, 449 F. App'x 85 (2d Cir. 2012) ("Attorneys' fees may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to statute"); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).  Attorneys' fees are recoverable under Conn. Gen. Stat. § 46(a)-104.  It is unlikely that Plaintiff would incur less than $75,000 in attorneys' fees if her claims were to proceed through trial.

17.     Plaintiff also seeks "[s]uch other relief the Court deems appropriate." (**Exh. A**, UPS-SIL-SS-0012, WHEREFORE clause.)   At a minimum, this may include injunctive relief in the form of reinstatement.   *See* Conn. Gen. Stat. § 46(a)-104.   "Where the plaintiff seeks injunctive relief, the value of his claim is generally assessed with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction."   *Whitchurch*, 937 F.2d at 87.   In *Wise v. Marriott Int'l, Inc.*, the court found that the monetary value of reinstatement to an at-will position could potentially last indefinitely and thus, so could its potential value.   No. 06-CIV-11439, 2007 U.S. Dist. LEXIS 55611, at *15–16 (S.D.N.Y. July 30, 2007) ("The potential monetary value of this injunctive relief alone precludes Petitioner from proving 'to a legal certainty' that the actual amount in controversy is less than $75,000.")   Here, any equitable relief could far surpass the $75,000 threshold.

18.     Indeed, jury verdicts in employment cases in Connecticut indicate that verdict awards well in excess of the jurisdictional requisite have been awarded to plaintiffs in cases alleging discrimination, harassment and/or retaliation:

    a.    *Shorter Jr. v. Hartford Financial Service; Rhodes*, 2005 WL 4256090, Conn. Jan. 2005:  Awarding plaintiff $170,000 in past wages and $85,000 in pain and suffering on harassment and wrongful termination claims.

    b.    *Kimberly Bachiocchi v. Southern New England Telephone*, 2008 WL 6894517, D. Conn. July 8, 2008:   Awarding plaintiff $20,000 in compensatory damages and $80,000 in punitive damages on sexual harassment and hostile work environment resulting in depression claims.

    c.    *Bjorlin v. Ira P. Hersh Inc., F/K/A Macarthur Equities Ltd.*, 2013 WL 6912802, Conn. Sup. Nov. 7, 2013: Awarding plaintiff $25,000 compensatory pain & suffering, $758,819 in past wages and $1,098,000 in compensatory future wages for age and gender discrimination and hostile work environment claims

d.   *Terri Tucker v. Journal Register East*, 2008 WL 4925070, D. Conn July 24, 2008: Awarding plaintiff $1,000,000 in compensatory damages and $3,000,000 in punitive damages for wrongful termination and retaliation in violation of plaintiff's civil rights.

19.   When the potential costs of medical expenses, emotional distress damages, and attorneys' fees are added to plaintiff's claims for lost wages, it easily becomes "more likely than not" that the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *See Konstantinidis v. First Student, Inc.*, No. 3:14-cv-00844 (JAM), 2014 U.S. Dist. LEXIS 173198, at *2 (D. Conn. Dec. 16, 2014).

20.   <u>Conclusion as to Diversity Jurisdiction</u>.  Because a reasonable reading of the value of Plaintiff's CFEPA claims exceed $75,000, exclusive of interest and costs, and the action is between citizens of different states – Plaintiff being a citizen of Connecticut, and Defendants being citizens of Delaware, Ohio and Virginia – this district court has original jurisdiction over Plaintiff's CFEPA claims under 28 U.S.C. § 1332(a). As a result, the Complaint may be removed to this Court by Staffmark pursuant to 28 U.S.C. § 1441(a).

21.   The Superior Court Action is not an action described in 28 U.S.C. § 1445.

22.   Promptly after the filing of this Notice of Removal, Defendant Staffmark Investment, LLC will file a copy of this Notice of Removal with the Superior Court and give written notice thereof to Plaintiff and co-Defendant through their respective counsel of record.

**STAFFMARK INVESTMENT, LLC**

By:   /s/ Glenn A. Duhl
      Glenn A. Duhl ct03644
      Siegel, O'Connor,
          O'Donnell & Beck, P.C.
      150 Trumbull Street
      Hartford, CT 06103
      Tel.: (860) 280-1215
      Fax:  (860) 527-5131
      gduhl@siegeloconnor.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 25, 2016, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System. I also certify a copy was served on counsel for Plaintiff, Siara Smith, Emanuel R. Cicchiello, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114, manny@cicchielloesq.com, and counsel for co-defendant, UPS Ground Freight, Inc., Stephanie Delatorre, Esq., Polsinelli PC, 1201 West Peachtree NW, Suite 1100, Atlanta, GA 30309, sdelatorre@polsinelli.com, by email and first class mail, postage prepaid.

       /s/ Glenn A. Duhl
       Glenn A. Duhl ct03644

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 10-15
C.G.S. §§ 51-345, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov.

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date: (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | October   25   2016<br>Month   Day   Year |

| [X] Judicial District | [ ] G.A. | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) - | Case type code (See list on page 2) |
|---|---|---|---|
| [ ] Housing Session | Number: | Hartford | Major: M    Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Emanuele R. Cicchiello, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Ave., Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [X] Yes   [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>manny@cicchielloesq.com |
|---|---|---|

Number of Plaintiffs:  1    Number of Defendants:  2    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name:  Siara Smith<br>Address: 7 Pine Grove Road, Bloomfield, CT 06002 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name:  UPS Ground Freight, Inc. - 55 Glenlake Prkwy, NE, Atlanta GA, 30328<br>Address: Agent for Service: Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537 | D-01 |
| Additional Defendant | Name:  Staffmark Investments, LLC - 201 E 4th St, Ste 800, Cincinnati, OH 45202<br>Address: Agent for Service: Corporation Service Company, 50 Weston Street, Hartford, CT 06120-1537 | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left<br>Emanuele R. Cicchiello, Esq. | Date signed<br>09/26/2016 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts. | File Date |
| b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law. | |
| c. The Clerk is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date<br>09/26/2016 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

UPS-SIL-SS-0001

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.

   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

---

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

UPS-SIL-SS-0002

RETURN DATE:  OCTOBER 25, 2016          :          SUPERIOR COURT

SIARA SMITH                             :          J.D. OF HARTFOD

V.                                      :          AT HARTFORD

UPS GROUND FREIGHT, INC. and            :
STAFFMARK INVESTMENT, LLC               :          SEPTEMBER 26, 2016

<u>COMPLAINT</u>

<u>COUNT ONE:</u>     Sexual Harassment / Hostile Working Environment in violation of
                 CGS § 46a-60(a)(8)
                 Siara Smith v. UPS Ground Freight, Inc.

1.     The Plaintiff, Siara Smith, was at all times set forth herein a resident of the Town
of Bloomfield, State of Connecticut.

2.     The Defendant, UPS Ground Freight, Inc., (hereinafter "Defendant UPS") was
at all times set forth herein a company organized under the laws of the State of Virginia and
conducting business in the State of Connecticut, with a local business location in Windsor,
Connecticut.

3.     The Defendant, Staffmark Investment, LLC, (hereinafter "Defendant Staffmark")
was at all times set forth herein a company organized under the laws of the State of
Delaware and conducting business within the State of Connecticut, with a business location
in Windsor, Connecticut.  Defendant Staffmark is a temporary staffing agency.

4.     The Plaintiff filed administrative complaints against both Defendant UPS and
Defendant Staffmark with the Commission on Human Rights and Opportunities on or about
March 16, 2016. Plaintiff received a Release of Jurisdiction letter as to each defendant dated
July 20, 2016. This complaint is brought within ninety (90) days of the Release of Jurisdiction
letters, which are attached hereto as <u>Exhibit A</u>.

1

5. Defendant UPS and Defendant Staffmark maintain joint supervision and control over employees within Windsor, Connecticut business facility who are employment by Defendant Staffmark to provide services to Defendant UPS.

6. The plaintiff began working for the defendant at Defendant UPS's Winsor, Connecticut facility through Defendant Staffmark on or about November 2, 2015.

7. The plaintiff was hired for the position of Package Sorter and continued in that position throughout the duration of her employment with Defendant UPS and Defendant Staffmark.

8. Throughout the plaintiff's employment in the Windsor, Connecticut facility, plaintiff's two supervisors, who were employed by Defendant UPS, were Richard (last name unknown) and Chris (last name unknown).

9. During the plaintiff's first week of work she was walking out of the bathroom at work and she brushed off her knees as she always did.

10. Plaintiff's supervisor, Chris, witnessed the plaintiff brushing off her knees as she walked out of the bathroom and asked the plaintiff why she had been brushing off her knees and what the plaintiff had been doing in the bathroom, insinuating that the plaintiff had been on her knees performing oral sex.

11. This comment was unwelcome and made the plaintiff extremely uncomfortable.

12. Also within the first week of the plaintiff's employment at the Windsor Connecticut facility, on one occasion supervisor Richard was having a discussion with a number of male employees and stated out loud and so that the plaintiff could hear him, that the plaintiff "looked good" and that he intended to "fuck [the plaintiff]."

UPS-SIL-SS-0004

13.   Upon hearing this comment, the plaintiff became highly distressed and mentioned it to several female co-workers.

14.   In response, plaintiff was informed by her co-workers that supervisor Richard made similar comments of this nature all of the time.

15.   Toward the end of the plaintiff's first week or toward the beginning of her second week of work in Windsor, Connecticut, plaintiff was assigned to section of the facility commonly referred to as "the cell."

16.   In "the cell" a male co-worker of the plaintiff approached the plaintiff and began to regularly discuss how large his penis was. This co-worker regularly made comments to the plaintiff about the size of his penis.

17.   This co-worker further made statements to the plaintiff during the workday that he had pictures of his penis on his mobile phone and asked the plaintiff to look at the pictures of his penis on his phone, which the plaintiff always refused.

18.   Shortly thereafter, on several occasions, this male co-worker put his hands down his pants, revealed his penis, and then shook his penis at the plaintiff.

19.   Horrified, in response the plaintiff reported this conduct to two managers from Defendant UPS, Kim (last name unknown) and Rachel (last name unknown). Plaintiff also reported the comments to Richard and Chris and stated that she was extremely uncomfortable and asked that something be done.

20.   In response Rachel stated to the plaintiff: "I can't believe my favorite supervisor would say something like that" in reference to Chris.

21.   Initially, Rachel stated to the plaintiff that she was required to complete a written statement about what occurred; However, she then informed the plaintiff that she

3

would write out a statement for her on the computer, before then telling the plaintiff not to worry about a statement and that she would "take care of it."

22.     Subsequent to this conversation, Defendant Staffmark and Defendant UPS did nothing in response and the plaintiff continued to be assigned to work in "the cell" with the male co-worker who had exposed himself to the plaintiff.

23.     Thereafter, while the plaintiff worked in "the cell" the male co-worker continued to expose himself to the plaintiff and continued to request that the plaintiff "look at it" in reference to his penis.

24.     This male co-worker also regularly made comments regarding the "size of his package" while sorting the packages, in clear reference to his penis.

25.     On March 19, 2015, supervisor Richard approached the plaintiff and angrily asked, "Why did you tell Rachel I said that?"

26.     In response the plaintiff stated that his comment was inappropriate and made the plaintiff extremely uncomfortable.

27.     Later that same day the plaintiff spoke with Lena, an onsite manager from Defendant Staffmark and Kim, Defendant UPS's manager.  Plaintiff again complained about the sexual harassment and hostile working environment, including that the co-worker was regularly showing the plaintiff his penis, as well as the interaction that the plaintiff had with supervisor Richard.

28.     Plaintiff stated that she could not continue working for the defendant because of the severely hostile work environment and asked for them to help her.  Plaintiff further stated that she had tried to complain about the various ways in which she was being sexually harassed, but that her complaints were ignored.

4

29.   In the same meeting Plaintiff again recounted the various incidents that occurred and stated, "I can't do this anymore."

30.   In response Lena stated to the plaintiff, "It was nice working with you," and walked the plaintiff out of the facility.

31.   The plaintiff was the subject of repeated, pervasive, offensive, embarrassing and unwanted sexual advances and sexual comments.

32.   Defendants' conduct had the effect of substantially interfering with the plaintiff's work performance, and created an intimidating, hostile, and offensive working environment.

33.   The plaintiff complained to the Defendant about having been subjected to such conduct, but no remedial actions were taken whatsoever.

34.   As such, the Defendant, through the actions of its agents, servants and / or employees, subjected the plaintiff to quid pro quo sexual harassment, as well as a sexually hostile work environment.

35.   The Defendant, through its agents, servants, and / or employees, wrongfully terminated the Plaintiff's employment or constructively discharged the plaintiff's employment.

36.   The foregoing conduct of the Defendant constitutes unlawful sexual harassment and an unlawful termination / constructive discharge of employment in violation of the Connecticut Fair Employment Practices Act.

37.   As a result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, Plaintiff has suffered and will continue to suffer into the future lost wages and fringe benefits, as well as other consequential losses and damages.

UPS-SIL-SS-0007

38.    As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

39.    As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants and or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

COUNT TWO:    Retaliation in violation of CGS § 46a-60(a)(4)
Siara Smith v. UPS Ground Freight, Inc.

1.    The Plaintiff repeats and re-alleges paragraphs 1 through 33 above, and incorporates them as paragraphs 1 through 33 of this Second Count as if fully stated herein.

34.    The Defendant Company, through the actions of its agents, servants and / or employees, retaliated against the plaintiff and ultimately terminated / constructively discharged the plaintiff's employment because the plaintiff complained about unlawful employment actions and engaged in protected work activities.

35.    The Defendant Company, through its agents, servants, and / or employees, retaliated against the plaintiff and ultimately wrongfully terminated / constructively discharged the Plaintiff's employment.

36.    The foregoing conduct of the Defendant constitutes retaliation and unlawful termination / constructive discharge of employment in violation of the Connecticut Fair Employment Practices Act.

37.    As a result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

38.    As a further result of the foregoing unlawful conduct of the Defendant, through its

6

UPS-SIL-SS-0008

agents, servants, and / or employees, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

39.     As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:     Sexual Harassment / Hostile Working Environment in violation of CGS § 46a-60(a)(8)**
**Siara Smith v. Staffmark Investments, LLC**

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 33 above, and incorporates them as paragraphs 1 through 33 of this Third Count as if fully stated herein.

34.     The Defendant Company, through the actions of its agents, servants and / or employees, retaliated against the plaintiff and ultimately terminated / constructively discharged the plaintiff's employment because the plaintiff complained about unlawful employment actions and engaged in protected work activities.

35.     The Defendant Company, through its agents, servants, and / or employees, retaliated against the plaintiff and ultimately wrongfully terminated / constructively discharged the Plaintiff's employment.

36.     The foregoing conduct of the Defendant constitutes retaliation and unlawful termination / constructively discharged of employment in violation of the Connecticut Fair Employment Practices Act.

37.     As a result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

UPS-SIL-SS-0009

38.     As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

39.     As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

COUNT FOUR:     Retaliation in violation of CGS § 46a-60(a)(4)
                Siara Smith v. Staffing Investments, LLC

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 33 above, and incorporates them as paragraphs 1 through 33 of this Fourth Count as if fully stated herein.

34.    The Defendant Company, through the actions of its agents, servants and / or employees, retaliated against the plaintiff and ultimately terminated / constructively discharged the plaintiff's employment because the plaintiff complained about unlawful employment actions and engaged in protected work activities.

35.    The Defendant Company, through its agents, servants, and / or employees, retaliated against the plaintiff and ultimately wrongfully terminated / constructively discharged the Plaintiff's employment.

36.    The foregoing conduct of the Defendant constitutes retaliation and unlawful termination / constructive discharge of employment in violation of the Connecticut Fair Employment Practices Act.

37.    As a result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has suffered, and will continue to suffer, lost wages and fringe benefits, as well as other consequential losses and damages.

UPS-SIL-SS-0010

38.     As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has expended attorney's fees and costs in order to secure the right to which she is entitled.

39.     As a further result of the foregoing unlawful conduct of the Defendant, through its agents, servants, and / or employees, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

THE PLAINTIFF
SIARA SMITH

By: _____
Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.:  419987
Email: manny@cicchielloesq.com

9

UPS-SIL-SS-0011

WHEREFORE, the Plaintiff prays for the following relief:

1.    Money damages;

2.    Punitive damages;

3.    Reasonable attorneys fee and costs; and

4.    Such other relief the Court deems appropriate.

THE PLAINTIFF
SIARA SMITH

By: _____

Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: manny@cicchielloesq.com

10

UPS-SIL-SS-0012

RETURN DATE:   OCTOBER 25, 2016          :          SUPERIOR COURT

SIARA SMITH                                              :          J.D. OF HARTFOD

V.                                                             :          AT HARTFORD

UPS GROUND FREIGHT, INC. and                :
STAFFMARK INVESTMENT, LLC                    :          SEPTEMBER 26, 2016

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF
SIARA SMITH

By: _____
Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.:  419987
Email: manny@cicchielloesq.com

11

UPS-SIL-SS-0013

# EXHIBIT A

UPS-SIL-SS-0014

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Siara Smith
**COMPLAINANT**

vs.

CHRO No. 1610467

EEOC No. 16A-2016-00887

UPS Ground Freight, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: July 20, 2016

_____
Tanya A. Hughes, Executive Director

cc:  Michael J. Reilly, Esq., via email: mreilly@cicchielloesq.com
     Teeka K. Harrison, Esq., via email: tharrison@polsinelli.com
     Joey M. Henslee, Jr., Labor & Employment Counsel, via email: jhenslee@ups.cm
     Siara Smith, 7 Pine Grove Road, Bloomfield, CT 06002

UPS-SIL-SS-0015

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Siara Smith
**COMPLAINANT**

vs.

Staffmark Investment, LLC
**RESPONDENT**

CHRO No. 1610468

EEOC No. 16A-2016-00888

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** July 20, 2016

Tanya A. Hughes, Executive Director

cc:  Michael J. Reilly, Esq., via email: mreilly@cicchielloesq.com
Christy Taney, Regional HR Director, via email: christa.taney@staffmark.com
Siara Smith, 7 Pine Grove Road, Bloomfield, CT 06002

STATE OF CONNECTICUT:
                : ss: HARTFORD          SEPTEMBER 27, 2016
COUNTY OF HARTFORD  :

      Then and by virtue hereof, and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with and in the hands of MICHELE TAYLOR, SECRETARY OF CORPORATION SERVICE COMPANY, 50 WESTON STREET, AGENT FOR SERVICE for the within named defendant **UPS GROUND FREIGHT, INC.,** in the said town of HARTFORD, County of Hartford.

      And also, on the 27TH day of SEPTEMBER, 2016, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with and in the hands of MICHELE TAYLOR, SECRETARY OF CORPORATION SERVICE COMPANY, 50 WESTON STREET, AGENT FOR SERVICE for the within named defendant **STAFFMARK INVESTMENTS, LLC,** in the said town of HARTFORD, County of Hartford.

      And also, on the 27TH day of SEPTEMBER, 2016, I deposited in the Post Office at EAST HARTFORD, first class mail, a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, on behalf of the within named defendant **STAFFMARK INVESTMENTS, LLC,** addressed to:

      COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
      ATTN: LYDIA RODRIGUEZ, PARALEGAL
      25 SIGOURNEY STREET
      HARTFORD, CT 06106

      The within is the original WRIT, SUMMONS, COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with my doings thereon endorsed.

| | |
|---|---|
| Verified pages | $48.00 |
| Endorsements | 4.80 |
| Service | 60.00 |
| Travel | 15.00 |
| Total | $127.80 |

ATTEST:

KEITH NIZIANKIEWICZ
CT STATE MARSHAL
HARTFORD COUNTY

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280054 • EAST HARTFORD, CONNECTICUT 06128-0054 • OFFICE: (860) 670-6995

State of Connecticut
County of Hartford
Judicial Department

UPS-SIL-SS-0017

# EXHIBIT B

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SIARA SMITH, | : |
|               **Plaintiff,** | : |
| v. | : |
|  | : |
| **UPS GROUND FREIGHT, INC. AND** | : |
| **STAFFMARK INVESTMENT, LLC** | : |
|               **Defendants.** | :      **OCTOBER 24, 2016** |
|  | : |

## DECLARATION OF RYAN SWIFT

1. My name is Ryan Swift. I am employed by United Parcel Service General Services Co. in the Legal Department in Atlanta, Georgia. I am an Attorney and Assistant Secretary for Defendant UPS Ground Freight, Inc. ("UPS Freight"). My job includes responsibilities for corporate governance of UPS Freight.

2. I am over eighteen (18) years of age and competent to testify to the matters stated in this declaration. I make this declaration based upon my personal knowledge learned in the course of performing my job responsibilities as Assistant Secretary, and upon review of documents regularly created and maintained in the ordinary course of business to which I have access and control.

3. UPS Freight, Inc. is a corporation organized under the laws of Virginia. UPS Freight's corporate headquarters is in the State of Virginia, which is its principal place of business. By principal place of business, I mean that UPS Freight's corporate headquarters are located in Richmond, Virginia; members of UPS Freight's executive team work in the Richmond corporate headquarters; UPS Freight holds itself out to the public as maintaining its corporate headquarters in Richmond; and UPS Freight files its federal income taxes as a Virginia corporation.

4. UPS Freight is primarily engaged in the delivery of freight throughout the United States.

UPS-SIL-SS-0018

UPS Freight operates in every state in the United States.  Indeed, UPS Freight's service area includes the entire United States.

6.      UPS Freight's corporate headquarters in Richmond, or United Parcel Service, Inc.'s corporate offices in Atlanta, Georgia, oversee all of UPS Freight's major departments, including each of the following: advertising, business development, customer relations, human resources, industrial engineering, investor relations, labor relations, legal, marketing, mergers and acquisitions, payroll, public relations, risk management, security and tax.

7.      UPS Freight has facilities or agents in every state in the United States.  But its corporate headquarters and principal place of business is only in Virginia.

In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on the 24 day of October, 2016.

Ryan Swift

55068327.1

UPS-SIL-SS-0019

# EXHIBIT C

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SIARA SMITH,<br>Plaintiff,<br>v.<br><br>UPS GROUND FREIGHT, INC. AND<br>STAFFMARK INVESTMENT, LLC<br>Defendants. | : | CASE NO. 3:16-cv-<br><br><br><br><br>OCTOBER 18, 2016 |

### AFFIDAVIT OF SUZANNE PERRY

The undersigned states as follows:

1.    I make this affidavit on my own personal knowledge.

2.    I am the Chief Human Resource Officer of CBS Personnel Services, LLC, and oversee and provide the human resource functions for all Staffmark entities including Staffmark Investment, LLC.

3.    Staffmark Investment, LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 201 E. 4th Street, Suite 800, Cincinnati, OH 45202.

4.    Staffmark Investment LLC is wholly owned by Staffmark Holdings, Inc., a corporation organized under the laws of Delaware, with its principal place of business at 201 East Fourth St, Suite 800, Cincinnati, OH 45202.

5.    Staffmark Holdings, Inc. is not a public corporation nor is its owner a public corporation.

In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on the 18th day of October, 2016.

UPS-SIL-SS-0020